IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD L. BENISH, ) | |
| ) | |
| Plaintiff, ) | 8:05cv283 |
| ) | |
| vs. ) | ORDER |
| ) | ON INITIAL REVIEW |
| DOUGLAS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Richard L. Benish, a prisoner in the custody of the Douglas County Correctional Center ("DCCC"), who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts claims of denial of access to the courts by the defendants' refusal to allow the plaintiff sufficient and timely access to legal resources and by the defendants' tampering and, apparently, outright theft, of the plaintiff's mail, including legal mail.[1]

## DCCC / Douglas County

Although one named defendant in this action is Douglas County Corrections, construing the complaint liberally, the intended defendant is Douglas County, Nebraska, which oversees the DCCC and is responsible for its operations and policies. The DCCC, the Department of Corrections and other units within the County lack the capacity to sue or be sued in their own names. The Clerk of Court shall update the court's records accordingly.

It is important that the plaintiff understand the basis of a claim against the County, as opposed to a claim against specific individual people. The basis of a claim against a city or county ("municipal liability") lies **only** in cases where a municipal "policy" or "custom" causes a constitutional violation. To be liable to the plaintiff, a city or county must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a county may not be held liable merely because its employees violated the plaintiff's civil rights. The county, acting through its agencies or department(s), must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In § V.B. of the complaint, the plaintiff alleges policies or customs in the operation of the DCCC of failure to train and supervise personnel, failure to investigate grievances,

---

[1] The plaintiff has adequately complied with the court's Order to Show Cause (filing no. 7) by paying his initial partial filing fee (filing no. 8).

1

and failure to protect inmate legal mail from unconstitutional tampering.

## Presumption of Official Capacity

In this case, the complaint does not state whether the corrections officers named as defendants are sued in their individual capacity, official capacity, or in both capacities. In those circumstances, official capacity, **only**, will be presumed. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

## Meaning of "Official Capacity"

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). In this case, an action against a Douglas County employee in his or her official capacity is considered, in law, a suit against the County itself, while an action against the same person in his or her *individual* capacity would be considered a suit against the person and the person's own assets.

## Amendment to the Complaint

If suing the corrections officers, in their official capacity *only*, is not the plaintiff's intent, the plaintiff may file a short amendment to the complaint within 30 days of the date of this Order, specifying that the officers are sued in their individual capacity or in both their individual and official capacities. If the plaintiff does amend his complaint to sue those defendants in their individual capacity or in both capacities, the plaintiff shall request additional summons forms and Form 285s. That is because government employees are served in different locations in their individual and official capacities.

## PLRA

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff at the jail, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional

injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages. In addition, the plaintiff has alleged physical abuse.

This case is assigned to the docket of District Judge Richard G. Kopf. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on Douglas County and the other defendants in their official capacity, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send one summons and one Form 285 to the plaintiff together with a copy of this Order.

2. The plaintiff shall, as soon as possible, complete the forms and send them back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3. When completing the forms for service of process on Douglas County and County employees in their official capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." The address of the County Clerk is: Douglas County Clerk, 1819 Farnam Street H08, Omaha, NE 68183.

4. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. A plaintiff proceeding IFP does not have to copy the complaint; the court will do so on the plaintiff's behalf. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

10. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

11. A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to the complaint.

12. The Clerk of Court shall update the court's records to reflect that Douglas County, Nebraska, has been substituted for Douglas County Corrections as a defendant.

13. If suit against the corrections officers, in their official capacity *only*, is not the plaintiff's intent, the plaintiff may file a short amendment to the complaint within 30 days of the date of this Order, specifying that the officers are sued in their individual capacity or in both their individual and official capacities. If the plaintiff does amend his complaint to sue those defendants in their individual capacity or in both capacities, the plaintiff shall request additional summons forms and Form 285s to serve the individual-capacity defendants.

DATED this 18th day of November, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Do not copy your complaint to attach to the summons; the court will do that for you.

4. You may serve only defendant(s) named in the case caption of the complaint.  If you wish to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5. Be sure to print your case number on all forms.

6. You must give an address for the party to be served.  The U.S. Marshal will not know a defendant's address.

7. For service on Douglas County and on Douglas County employees in their *official* capacity, the address of the County Clerk is:  Douglas County Clerk, 1819 Farnam Street H08,  Omaha, NE 68183.

8. On the other hand, County agents and employees in their *individual* capacity may be served at home or wherever they can be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf.

9. Where a summons form states:   "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

10. Where a form 285 states:  "send notice of service copy to requestor at name and address" print your name and address.

11. Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

12. Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.